UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARK ANDREW SCOTT AND<br>PAUL ETHAN SCOTT,<br><br>      Plaintiffs,<br><br>v.<br><br>REGIONS BANK, METLIFE, INC.<br>A/K/A METROPOLITAN LIFE<br>INSURANCE COMPANY et al., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:08-cv-296 |

## MEMORANDUM OPINION AND ORDER

This matter is pending before the Court to address the motions of the plaintiffs and defendant Regions Bank to remand and for costs and attorney fees. [Docs. 17 and 21]. The removing defendant, Metropolitan Life Insurance Company ("MetLife"), and defendants Unicare Life and Health Insurance Company ("Unicare"), John Hancock Life Insurance Company ("John Hancock"), and Helen Lafayette Scott ("Scott") have responded. [Docs. 30, 31, 32, 35]. Unicare, John Hancock and Scott join Metlife in arguing that removal was proper. Defendant Regions Bank has replied. [Docs. 34 and 38]. For the reasons which follow, the motions to remand and for costs and attorney fees, [Docs. 17 and 21], are **DENIED**.

**I. Factual and Procedural History**

1

Plaintiffs filed their complaint, [Doc. 1-2], in the Chancery Court for Sullivan County, Tennessee at Kingsport. Plaintiffs allegedly suffered injuries arising from the failure of Regions Bank[1] to properly administer the Herbert Andrew Scott Trust Agreement ("the Trust"), and from MetLife's paying the proceeds of a MetLife insurance policy to the incorrect beneficiary.

The Trust was funded by two life insurance policies, both issued through Eastman Kodak Company. One policy was issued by MetLife. MetLife is the claims fiduciary of the Kodak Life Insurance Plus Plan ("the Plan"). MetLife administers and determines claims for benefits made under the Plan. Herbert Andrew Scott was a participant in the Plan through Eastman Kodak Company. The other policy was issued by John Hancock, then allegedly sold to Unicare. Plaintiffs allege that the John Hancock policy is believed to have terminated on February 28, 1982.

Plaintiffs allege Regions Bank, or its predecessor, acting in its fiduciary capacity as Trustee, in a signed letter to MetLife, disclaimed the proceeds of the MetLife insurance policy. Plaintiffs further allege that MetLife then incorrectly paid the proceeds of the MetLife insurance policy to defendant Helen LaFayette Scott, when according to the terms of the Trust, the Trustee was to divide the Trust into two

---

[1] Regions Bank merged with AmSouth Bank, and prior to the merger, AmSouth Bank purchased the assets of and is the survivor in interest of First National Bank of Sullivan County, the Trustee of the Trust.

equal parts to be distributed to plaintiffs Mark Andrew Scott and Paul Ethan Scott.

MetLife removed the case to this Court pursuant to 28 U.S.C. § 1441(c), arguing that Metlife's claims are separate and independent from claims against other defendants.[2] [Doc. 1]. Specifically, MetLife alleges that plaintiffs' claims against MetLife are for recovery of benefits under an "employee welfare benefit plan," 29 U.S.C. § 1002(1), pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* MetLife argues that plaintiffs' cause of action against MetLife fits within the scope of, and was therefore completely preempted by, ERISA. 29 U.S.C. § 1132(e) and (f) (ERISA preemption); 28 U.S.C. § 1331 (federal question).

Plaintiffs and Regions Bank then moved to remand, [Doc. 17, 18, 21, 22], arguing that state and federal courts have concurrent jurisdiction of ERISA claims brought under 29 U.S.C. § 1132(a)(1)(B) and not all defendants consented to the removal. MetLife counters that exclusive jurisdiction is not a prerequisite to removal and that consent was not necessary because, under 28 U.S.C. § 1441(c), the complaint stated "separate and independent claims" against the removing defendant. [Doc. 30]. In

---

[2] 28 U.S.C. § 1441(c) provides:
(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

response, Regions submitted that MetLife failed to establish the existence of an employee welfare benefit plan under ERISA and that the claims against MetLife were not separate and independent from the claims against the other defendants for the purpose of 28 U.S.C. § 1441(c). [Doc. 34].

## II. Discussion

### A. Standard of Review

The party seeking removal bears the burden of establishing its right thereto. *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) *citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921). The removal petition is strictly construed, with all doubts resolved against the removal. *Id.* Removal of federal question cases from state into federal courts is governed by 28 U.S.C. § 1441. In this case, MetLife removed pursuant to 28 U.S.C. § 1441(c), which provides for the removal of claims that are separate and independent and "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule. *Id.* Under the well-pleaded complaint rule, a court looks

4

only to the plaintiff's complaint in determining whether an action is removable on the basis of federal-question jurisdiction. *Gentek Bldg. Prod., Inc. v. Sherwin Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007). The complete preemption doctrine is a limited exception to the well-pleaded complaint rule. *Gentek v. Bldg. Prod., Inc. v. Sherwin Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007). In situations where only state law claims are asserted, the exception operates to allow removal to federal court even though on its face plaintiff's complaint alleges only state-law causes of action. *Id.*

## B. ERISA Preemption

MetLife contends that this Court has original jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 1132(e) and (f) (ERISA preemption).[3] Plaintiffs and Regions Bank claim that the removal of this action was improper because the action is not preempted by or subject to ERISA, 29

---

[3] 29 U.S.C. § 1132(e)(1) provides:

(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

29 U.S.C. § 1132(f) provides:

The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

5

U.S.C. §§ 1001 *et seq.*

In effect, federal preemption converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542 (1987). The *Taylor* court noted that one corollary to the well-pleaded complaint rule is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character. *Id.* at 63. The *Taylor* court explained that Congress clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) of ERISA [29 U.S.C. § 1132] removable to federal court. *Id.* at 66. In *Taylor*, the Supreme Court held that causes of action within the scope of 29 U.S.C. § 1132 of ERISA are removable to federal court even though only state claims are asserted in the complaint because such claims are necessarily federal in character. *Id.* at 67.

This action falls directly under the scope of 29 U.S.C. § 1132(a)(1)(B)[4] because it is a suit brought by a beneficiary to recover benefits from a covered plan. The Court

---

[4]29 U.S.C. § 1132(a)(1)(B) provides:

A civil action may be brought–

  (1) by a participant or beneficiary–

    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

agrees with MetLife that the Plan is an "employee welfare benefit plan," as defined in 29 U.S.C. § 1002(1)[5], pursuant to ERISA. "In determining whether a plan, fund or program [exists] a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *International Resources, Inc.* v. *New York Life Insur. Co.*, 950 F2d 294 (6th Cir. 1991). The Kodak Life Insurance Plus Plan is a plan established by Eastman Kodak Company to provide benefits for its participants, or their beneficiaries, in the event of the participant's death. MetLife is the claims fiduciary of the Kodak Life Insurance Plus Plan. MetLife administers and determines claims for benefits made under the Plan.

Regions Bank argues MetLife has failed to show that the Kodak Life Insurance Plus Plan is an ERISA plan. This Court disagrees. Regions Bank submits that MetLife has a burden to produce "a plan document, a summary plan description, a periodic

---

[5] 29 U.S.C. § 1002(1) provides:

(1) The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

7

statement of benefits to the insured, or even an affidavit..." [Doc. 34, p. 8]. Regions Bank cites to *Hensley v. Philadelphia Life Ins. Co.*, 878 F. Supp. 1465, (N.D. Ala. 1995) and *Crespo v. Candela Laser Corp.*, 780 F. Supp. 866 (D. Mass. 1992) in support of this proposition. These cases however, are not persuasive. On the contrary, employers can establish ERISA plans "rather easily" and the ERISA definition of "employee welfare benefit plan" specifically allows that ERISA plans may be established through the purchase of insurance or otherwise. *International Resources, Inc.* at 297, *citing* 29 U.S.C. § 1002(1). MetLife has met the burden of establishing that the Kodak Life Insurance Plus Plan is an ERISA plan.

Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character. It therefore,"arises under the laws...of the United States," 28 U.S.C. § 1331, and is removable to federal court by the defendant. 28 U.S.C. § 1441(c).

    **C.**    **Removal under 28 U.S.C. § 1441(c)**

        **1.**    <u>**Separate and Independent Claim**</u>

This suit is removable under 28 U.S.C. § 1441(c), because plaintiffs' ERISA claims against MetLife are separate and independent from the otherwise non-removable state law claims against other defendants. The Sixth Circuit set forth the test for determining whether claims are separate and independent in *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84 (6th Cir. 1977). Where a plaintiff seeks to recover for a single

8

wrong or injury under various legal theories, the plaintiff is not asserting separate and independent claims under 1441(c). *Id.* at 89, *citing American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). 'Separate' means distinct; apart from; not united or associated. 'Independent' means not resting on something else for support; self sustaining; not contingent or conditioned. *Id.* at 90.

In *Union Planters*, the single wrong was the failure to repay loans. *Id.* at 90. The Sixth Circuit found that a claim for loan repayments was not separate and independent from claims for deceit, misrepresentation, and fraudulent inducement of a subordination agreement. *Id.* The Sixth Circuit stated that the claims depicted a single wrong arising from a series of interrelated events and the case was not removable. *Id.* at 89. In the present case, Regions Bank relies on the Supreme Court case of *American Fire & Casualty Ins. v. Finn*, for the proposition that there is a single wrong in this case, that is, the loss of the insurance proceeds from the policy insuring Mr. Scott's life. [Doc. 34]. *Finn* is distinguishable, however.

In this case there are multiple wrongs alleged. The wrong alleged against Regions Bank is a failure to administer the Trust, while the wrong which plaintiffs assert against MetLife is the failure to pay benefits under an ERISA-governed employee welfare benefit plan. Any claims plaintiffs assert against defendants other than Metlife appear to arise under Tennessee state law. Moreover, there was only minimal factual

9

overlap between the ERISA claim and the claim that Regions Bank failed to properly administer the Trust. *See Lewis v. Louisville & Nashville Railroad Co.*, 758 F.2d 219, 221 (7th Cir. 1985) (holding that an intimidation claim alleged a different wrong and involved a different set of facts than the Federal Employers' Liability Act claims, and therefore, the intimidation claim was a separate and independent claim for the purposes of § 1441(c)). Thus, plaintiffs' claims against MetLife are separate and independent from the claims against other defendants.

MetLife, who sought removal of this action, has met its burden of showing the claims are separate and independent.

### 2. No Requirement of Unanimity under 28 U.S.C. § 1441(c)

One well recognized exception to the rule that all defendants must join in the removal petition is where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *Nixon v. James*, 174 F. Supp. 2d 739, 743 (M.D. Tenn. 2001) (*citing Moody v. Commercial Ins. Co.*, 753 F. Supp. 198, 200 (N.D. Tex. 1990)). Consent is required for removal under 28 U.S.C. § 1441(a), but not for removal under 28 U.S.C. § 1441(c), that is, not if the plaintiff's claim against the removing defendant is "separate and independent" from the other claims in the suit. *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 183 (7th Cir. 1984). Therefore, because this Court has determined that the claims against MetLife are separate and independent claims, the

unanimous consent of the defendants is not required for removal. MetLife's removal pursuant to 28 U.S.C. § 1441(c) was therefore proper.

Thus, the Court finds that it has original jurisdiction over plaintiffs' claims, and therefore, the Court has removal jurisdiction. It is therefore **ORDERED** that plaintiffs' and Regions Bank's Motions to Remand and for costs and attorney fees are **DENIED** [Docs. 17, 21].

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE