IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| MARK A. SCOTT and PAUL E. SCOTT<br>    Plaintiffs, | )<br>)<br>) |
| | )    CASE NO. 2:08-cv-296 |
| v. | )<br>)    Greer/Carter<br>) |
| REGIONS BANK, *et al.,*<br>    Defendants. | )<br>) |

REPORT AND RECOMMENDATION

I. Introduction

Defendant Regions Bank's motion to dismiss or strike Andrea LaFollette's cross-claim against Region's Bank [Doc. 127] is pending before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons stated herein, it is RECOMMENDED that Regions Bank's motion to dismiss Andrea LaFollette's cross-claim against it be GRANTED.

II. Background

The undersigned will give a very brief rendition of the allegations in this action as they apply to this motion.[1] This action arises from a dispute over life insurance proceeds from policies administered by Metropolitan Life Insurance Company (MetLife). Plaintiffs allege they are entitled to the proceeds of the policies which were issued on the life of their father, Herbert Scott. Plaintiffs are the children of Herbert Scott and his first wife, Sarah Oneida Covington

---

[1] For a more complete recitation of the allegations in this complaint, *see* the undersigned's January 26, 2010 Report and Recommendation [Doc. 149] and the undersigned's January 28, 2010 Report and Recommendation [Doc. 150].

1

Scott, who died in 1983. In 1984, Herbert Scott married Helen Scott. Andrea LaFollette is the daughter of Helen Scott and the step-daughter of Herbert Scott. Plaintiffs allege the following in their Amended Complaint: After the death of their father in 2006, the life insurance proceeds from the MetLife policies should have been paid by MetLife into a trust established by their father in 1973 (the Trust). Regions Bank is the trustee of the Trust. Plaintiffs are the beneficiaries of the Trust and therefore should have received the proceeds from the MetLife policies. Instead, Helen Scott and her daughter, Andrea LaFollette, "caused" a Regions Bank official to write a letter stating Regions Bank had no interest in the proceeds from the MetLife policies and, as a result, MetLife paid the proceeds to Helen Scott.

In Helen Scott's Amended Cross-Claim against Regions Bank, Helen Scott alleges that she contacted Regions Bank or its predecessor-in-interest, AmSouth Bank, "who informed her that the Scott Trust was never properly funded, that the trust was therefore not in existence, and that Regions, or its predecessor, had no interest in the [life insurance] proceeds." (Amended Cross Claim ¶ 9). Helen Scott further alleges that she asked Edward Jones Investments (Edward Jones), the financial institution where she would invest the funds, whether they could verify that she was the rightful recipient of the funds. *Id.* at ¶ 10. After some inquiry by Edward Jones, an AmSouth Bank employee faxed a letter to Edward Jones disclaiming the life insurance proceeds. *Id.* Satisfied she was the rightful recipient, Helen Scott invested the proceeds with Edward Jones. *Id.* Helen Scott asserts claims of negligent misrepresentation, fraudulent misrepresentation, and negligent infliction of emotional distress against Regions Bank. She seeks compensatory damages, punitive damages, prejudgment interest and attorney's fees.

On May 5, 2009, Andrea LaFollette filed her answer [Doc. 116] to the Plaintiffs' Amended Complaint. Included in her answer is the cross-claim against Regions Bank. *See* Doc. 116 p. 8. LoFollette's cross-claim against Regions Bank states in its entirety, ""[h]aving fully answered, Defendant LaFollette joins and hereby incorporates Defendant Helen Scott's Amended Cross Claim against Regions Bank previously filed in this cause." *Id.*

III. Analysis

Regions Bank moves to dismiss Andrea LaFollette's cross-claim against it for, *inter alia*, failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is meant to test the sufficiency of the complaint; it does not resolve the facts of the case. *Thielen v. GMAC Mortg. Corp.*, __F.Supp.2d__, 2009 WL 4432584 *2 (E.D. Mich. Dec. 2, 2009); *Cox v. Shelby State Community College*, 48 Fed. Appx. 500, 503 (6th Cir. Sept. 24, 2002) (unpublished); *Metz v. Supreme Court of Ohio*, 46 Fed. Appx. 228, 233 (6th Cir. Aug. 19, 2002). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Further, the complaint must also state "a plausible claim." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1950 (May 18, 2009). Well-pleaded facts that permit the court to infer no more than a mere possibility of misconduct will not permit a complaint to survive a motion to dismiss. *Id.*

LaFollette's cross-claim against Regions Bank consists entirely of the incorporated cross-claim of Helen Scott against Regions Bank. Helen Scott's cross-claim against Regions Bank does not mention LaFollette even once. It is not the Court's duty to insert Andrea LaFollette

3

into Helen Scott's cross-claim. The undersigned concludes that LaFollette's cross-claim fails to state a claim on behalf of LaFollette against Regions Bank for which relief can be granted.

IV. Conclusion

For the reasons stated herein, it is RECOMMENDED Regions Bank's motion to dismiss [Doc. 127] Andrea LaFollette's cross-claim be GRANTED.[2]

ENTER.

Dated: February 1, 2010
s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).